**PRINGLE QUINN ANZANO, P.C.**
701 Seventh Avenue
P.O. Box 420
Belmar, New Jersey 07719
732-280-2400
George D. McGill (GDM- )
Attorneys for Plaintiffs Kaitlyn A. Sobeck, William Sobeck and Gayle Sobeck

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CIVIL ACTION NO.: 06-756(mLC)

| | |
|---|---|
| KAITLYN A. SOBECK, WILLIAM SOBECK AND GAYLE SOBECK<br><br>Plaintiffs,<br><br>v.<br><br>TOWNSHIP OF WALL BOARD OF EDUCATION, WALL TOWNSHIP HIGH SCHOOL, Capt. C.J. STEINBAUGH, JAMES F. HABEL, Ph.D., STEPHEN GENCO, JOHN HIGHAM,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

RECEIVED

FEB 17 2006

AT 8:30_____M
WILLIAM T. WALSH
CLERK

## COMPLAINT AND DEMAND FOR JURY TRIAL

### The Parties

1.     Plaintiff Kaitlyn A. Sobeck was at all relevant times herein a student attending classes at the Wall Township High School.  In her Senior year, September 2004 through May of 2005, Plaintiff Kaitlyn A. Sobeck participated in a program known as the Naval Junior Reserve Officer's Training Corps (hereinafter referred to as the "NJROTC").  The NJROTC is a course offered within the regular curriculum of the Wall Township High School.

1

2.     The Wall Township Board of Education is a public entity duly organized under the laws of the State of New Jersey exercising direct supervisory control over the Wall Township High School, its policies and  its employees.

3.     Captain C. J Steinbaugh is an employee of the Wall Township Board of Education who served in the capacity of a faculty member assigned to teach the NJROTC Program.

4.     James F. Habel. Ph. D. is the Superintendent of Schools employed by the Wall Township Board of Education to manage the daily operations of the Wall Township School District.

5.     Stephen Genco is the Principal of the Wall Township Highschool employed by the Wall Township Board of Education to manage the daily operations of the Wall Township High School.

6.     John Higham is an employee of the Wall Township Board of Education who serves in a supervisory capacity and who has direct supervisory responsibilities over the NJROTC and Capt. C.J. Steinbaugh.

7.     William and Gayle Sobeck are the parents of Kaitlyn A. Sobeck.

## Jurisdiction and Venue

10.     This is a suit for injunctive relief and monetary damages.  The causes of action for injunctive relief and monetary damages are  provided by 42 U.S.C. § 1983, which permits a suit at equity and at law against any person who, under color of state law, causes injury to another in violation of the Constitution of the United States.  The cause of action for declaratory relief arises under 28 U.S.C. § 2201, which permits a

2

court to declare the rights of any interested party in a case of actual controversy.

11.     This suit presents federal questions that arise under the First and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C § 1983.  This suit also presents state law claims that arise under the laws of the State of New Jersey.  Jurisdiction for Plaintiffs' federal claims is provided by 28 U.S.C. § 1331. This Court has pendent jurisdiction over Plaintiffs' state claims pursuant to 28 U.S.C. § 1367.

12.     Venue is proper in this Court under 28 U.S.C. § 1391, as all parties may be found in this District.

### FIRST COUNT

**(42 U.S.C.  1983:  Violation of civil rights afforded under
the First Amendment of the United States Constitution)**

13.     Plaintiffs repeat and restate the allegations contained in paragraphs One through Twelve above and incorporate the same herein as if set forth at length.

14.     The Defendant Wall Township High School is an educational institution functioning under the direct control of the Defendant Wall Township Board of Education which employs the Defendants named herein and is responsible for their acts therefore.

15.     The Wall Township High School offers an elective course known as the Naval Junior Reserve Officers Training Corps, or NJROTC, which is part of the regular curriculum of the high school and is a course for which scholastic credits are earned. The course is designed to be  taught by persons certified by the United States Navy but hired and employed by the Board of Education as regular faculty members.  The person

3

hired to teach the course is known as the Senior Naval Science Instructor and enjoys all of the rights and responsibilities attendant to the position of a faculty member of the Wall Township High School.

16.     Plaintiff Kaitlyn A. Sobeck was a student at the Wall High School from September of 2001 through May of 2005 and has participated in the NJROTC Program throughout her years in school. In her Senior year, Plaintiff Kaitlyn A. Sobeck served as the Cadet Lieutenant Commander, the highest rank attainable under the guidelines controlling the NJROTC Program established by the Wall Township Board of Education at the Wall Township High School.

17.     On January 26, 2005, Plaintiff Kaitlyn A Sobeck was participating in a school function by leading a group of students and others in the Pledge of Allegiance. During the recitation of the Pledge, Plaintiff Kaitlyn A. Sobeck omitted the words "under God" as was her right under the First Amendment of the Constitution of the United States. As a result of the omission of the Words "under God" Plaintiff Kaitlyn A. Sobeck was reprimanded in writing by the course instructor, Defendant C.J. Steinbaugh, and thereafter subjected to a course of humiliating and harassing conduct by the instructor. The reprimand expressly referenced the omission of the words "under God", noted the personal embarrassment experienced by Defendant Steinbaugh and made a direct threat against the Plaintiff that her actions would not "go without penalty". Defendant Steinbaugh further noted in the Plaintiff's file that it was Defendant Steinbaugh's intention "to extend neither understanding or compassion should the slightest transgression be noted in her behavior during her remaining months in school."

18.     The written reprimand of January 26, 2005 was entitled "FORMAL

4

COUNSELING WRT THE EVENTS of 26 JANUARY 2005 and was the only written reprimand ever received by Kaitlyn A. Sobeck. This "counseling" was the first and only notation of "counseling", formal or otherwise, provided by Defendant Steinbaugh to the Plaintiff Kaitlyn A. Sobeck.

19.     On February 22, 2005, Defendant C.J. Steinbaugh took adverse action against Kaitlyn A. Sobeck by relieving the Plaintiff of her rank as Cadet Lieutenant Commander and demoting her to the lowly rank of "Cadet Ensign in Charge of Special Projects".   This action was purported by Defendant Steinbaugh to be the result Plaintiff's "sustained inability to inspire the fidelity and confidence of your (her) subordinates" which circumstances continued  "in spite of formal and informal counseling".   This reasoning is patently pretextual however as no other counseling is noted in Plaintiff's file, except that pertaining to the omission of the words "under God", and Defendant Steinbaugh made it perfectly clear that he did not intend to let the omission by the Plaintiff go without penalty" nor did he intend to extend understanding or compassion to the Plaintiff, his student. Therefore it is fairly asserted that the adverse action is a direct result of the Plaintiff's omission of the words "under God" as discussed above and was designed to, and did, humiliate the Plaintiff, infringe upon her constitutional rights,  and cause her great mental anguish and emotional distress.

20.     In response to the actions of Defendant Steinbaugh, Plaintiff Gayle Sobeck met with Defendants Stephen Genco and John Higham.  Defendant Genco is the Principal at the Wall High School and Defendant John Higham is Defendant Steinbaugh's immediate supervisor. Although only the one reprimand of January 26, 2005 could be produced at the meeting, no action was taken by either Defendant

Genco or Defendant Higham to rectify the situation and the Defendants simply let the circumstances stand unchanged thus ratifying and condoning the decisions of Defendant Steinbaugh and becoming complicit in Defendant Steinbaugh's wrongful actions. The Plaintiffs followed the meeting with the Defendants with a letter detailing their concerns but again the school administrators remained unmovable and unresponsive. Upon information and belief the matter was brought to the attention of the Superintendent of Schools James F. Habel, Ph.D. who concurred with the position of the Defendants thus further condoning their actions and affirming his complicity. This position of persistent inaction by the School's administration caused Plaintiff Kaitlyn A. Sobeck further humiliation and mental distress.

21.     The status quo was left unchanged from the time of the Plaintiff's demotion until May 5, 2005 at which time the parties reached a tentative resolution of the matter whereby the Plaintiff would be promoted to the rank of  "Lieutenant Commander in Charge of Special Projects". This promotion was to occur at the Changing of Command ceremonies to be held on May 9, 2005 at the high school. The promotion was not to be a complete restoration of the Plaintiff's rank because she was to remain subordinate to the person promoted to her position when she was wrongfully demoted. While not completely satisfactory, the Plaintiffs sought closure to the matter that had already caused too much pain to the plaintiffs.

22.     The resolution of the matter was effectively scuttled however by the continued campaign by Defendant Steinbaugh to humiliate the Plaintiff. To wit, on May 5, 2005, Defendant Steinbaugh circulated a memorandum which identified the Plaintiff's promotion as "administratively" performed while the other promotions were

6

"meritoriously" granted.  The Defendant further humiliated the Defendant by advising a group of students that Plaintiff Kaitlyn A. Sobeck was only being promoted to avoid a lawsuit and that if it were up to him he would not do so.  Finally, it was reported back to the Plaintiff through another member of the NJROTC Program that Defendant Steinbaugh said that the Plaintiff would stand with the ushers at the ceremony, a position traditionally filled by freshman and other underclassmen without rank, and not a position to be occupied by a Cadet lieutenant Commander.  Because of the obvious hostility exhibited by Defendant Steinbaugh towards Plaintiff Kaitlyn Sobeck, his inability to act in a reasonable manner, and because of the continued emotional distress and mental anguish that the Plaintiff continue to suffer at his hands, the Plaintiff, upon notice to the Defendants, did not attend the ceremony, the matter was not resolved and the Plaintiff was not promoted.

  23. The  First Amendment of the United States Constitution, made applicable to the states through the Fourteenth Amendment provides that, "Congress shall make no law respecting the establishment of religion or prohibiting the free exercise thereof or abridging the freedom of speech..."

  24. The conduct of Defendant C. J. Steinbaugh, and the other Defendants complicit through their individual acts or by operation of law, constitutes an unconstitutional infringement upon the Plaintiffs' constitutional rights to free speech and free exercise of religion as guaranteed by the First and Fourteenth Amendments and violates her civil rights as protected by 42 U.S.C. 1983.  The position occupied by the Defendants as teachers and administrators at a public educational institution provides to them and cloaks their actions with the color of state law.

**WHEREFORE,** Plaintiffs seek judgment against Defendants

    a.    Returning the Plaintiff to her rightful rank nunc pro tunc.

    b.    Awarding Plaintiffs just monetary compensation.

    c.    Awarding Plaintiffs their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 or other applicable law; and

    d.    Granting Plaintiffs such other relief as the Court shall deem equitable and just.

## SECOND COUNT

### (42 U.S.C.1983; discrimination based upon gender bias)

25.    The Plaintiffs repeat and restate the allegations contained in paragraphs 1 through 24 and incorporate the same herein as if set forth at length.

26.    In this matter Plaintiff was replaced by a male student.  In preparation for the Change of Command ceremonies for the purposes of installing the NJROTC officers for the year 2005-2006, Defendant C. J. Steinbaugh made derogatory statements regarding the abilities and level of dedication displayed and possessed by females vis-a-vis the NJROTC program.  Specifically the Defendant is alleged to have stated that he did not want to fill the top three positions of the NJROTC Program with females for the 2005-2006 school year because females do not listen and treat the program as a joke.

27.    The above statement by the Defendant evidences the discriminatory bias

8

of the Defendant against persons of the female gender of which class the Plaintiff is a member.

WHEREFORE, Plaintiffs seek judgment against Defendants as follows:

a.   Restoring the Plaintiff to her rightful rank nunc pro tunc.

b.   Awarding Plaintiffs just compensation

c.   Awarding Plaintiffs their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 or other applicable law; and

d.   Granting Plaintiffs such other relief as the Court shall deem equitable and just.

## THIRD COUNT

### (Intentional infliction of emotional distress and harassment)

28.   Plaintiffs repeat and restate the allegations contained in Paragraphs 1 through 27 and incorporate the same herein as if set forth at length.

29.   The Defendant C.J. Steinbaugh took deliberate action to harass and humiliate the Plaintiff and cause her emotional distress as set forth above.

WHEREFORE, Plaintiffs demand judgment against the Defendants as follows:

a.   Awarding Plaintiffs Just Compensation

b.   Awarding Plaintiff's their reasonable attorneys' fees and costs.

c.   Granting Plaintiffs such other relief as the Court shall deem equitable and just.

## FOURTH COUNT

### (Negligence)

30. The Plaintiffs repeat and restate the allegations as contained in Paragraphs 1 through 29 and the same herein as if set forth at length.

31. The actions of the Defendant C. J. Steinbaugh were known to the administration of the high school and were specifically brought to the attention of Defendant Genco and Defendant Higham. The Administration was negligent in failing to rectify the situation and control its personnel. All Defendants named herein are and were acting as the agents, servants and employees of the Defendant Wall Township Board of Education imputing negligence to it as a matter of law.  .

**WHEREFORE**, Plaintiffs seek judgment against Defendants as follows:

        a.     Awarding Plaintiffs just compensation.

        b.     Awarding Plaintiffs their reasonable attorneys' fees and costs.

        c.     Granting Plaintiffs such additional relief as the Court may deem equitable and just.

## FIFTH COUNT

### (Sec. 1985; Conspiracy to deprive persons of civil rights)

33. Plaintiffs repeat and restate the allegations contained in Paragraphs 1 through 32 and incorporate the same herein as if set forth at length.

34. Federal law 42 U.S.C. 1985 prohibits the conspiracy of persons to deprive other persons of their civil rights afforded under the Constitution of the United States.

35.    The actions of the Defendant Steinbaugh as affirmed and ratified by Defendants Genco, Higham and Habel constitute such a conspiracy.

**WHEREFORE**, Plaintiffs seeks judgment against the Defendants as follows:

a.    Awarding Plaintiffs just compensation

b.    Awarding Plaintiffs their reasonable attorneys' fees and costs of suit; and

c.    Granting Plaintiffs such additional relief as the Court may deem equitable and just.

## SIXTH COUNT

### (Breach of fiduciary duty and confidentiality)

37.    Plaintiffs repeat and restate the allegations contained in Paragraphs 1 through 36 and incorporate the same herein as if set forth at length.

38.    Defendant Steinbaugh was the teacher of the NJROTC Program.

39.    As the teacher of the Program in which the Plaintiff was enrolled, Defendant Steinbaugh had the duty to respect and maintain the confidential of any information involving the Plaintiffs regarding the matters complained of herein.

40.    Defendant Steinbaugh failed to maintain the confidentiality of the aforesaid matters and disclosed to other students that the Plaintiff was contemplating legal action thus causing the Plaintiff to be viewed in a negative light the result of which caused the plaintiff more distress and humiliation.

**WHEREFORE,** Plaintiffs seek judgment against Defendants as follows:

11

a.  Awarding the Plaintiffs just compensation

b.  Awarding Plaintiffs their reasonable attorneys' fees and costs of suit; and

c.  Granting Plaintiffs such additional relief as the Court may deem equitable and just.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues herein so triable.

## TRIAL COUNSEL DESIGNATION

Plaintiffs hereby designate George D. McGill, Esquire, as Trial Counsel.

**PRINGLE QUINN ANZANO, P.C.**
Attorneys for Plaintiffs

By: _____
George D. McGill, Esquire

Dated: January 30, 2006